NOT FOR PUBLICATION

```
             IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & ST. JOHN
```

|  |  |
|---|---|
| STEVEN J. MALPERE, DAVID STAPLES, and MARJA STAPLES,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUYTER BAY LAND PARTNERS, LLC, MIKAEL VAN LOON, STEPHEN STRANAHAN, CHARLES SALISBURY, GRANT HATHAWAY, and FRANK MURRAY,<br><br>    Defendants.<br>_____<br><br>RUYTER BAY LAND PARTNERS, LLC and RUYTER BAY LAND INVESTORS, LLC,<br><br>   Counterclaimants,<br><br>    v.<br><br>STEVEN J. MALPERE, DAVID STAPLES, and MARJA STAPLES,<br><br>   Counterclaim defendants.<br>_____ | Civil No. 2003-132 |

APPEARANCES:

Steven Malpere,
St. Thomas, U.S.V.I.
 *Pro Se Plaintiff*,

David Staples,
St. Thomas, U.S.V.I.
 *Pro Se Plaintiff*,

*Malpere v. Ruyter Bay Land Partners, LLC et. al*
Civil No. 2003-132
Order
Page 2

**Marja Staples,**
**St. Thomas, U.S.V.I.**
     *Pro Se Plaintiff*

**J. Daryl Dodson, Esq.**
**St. Thomas, U.S.V.I.**
     *For the Defendants,*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the application of the defendants and counterclaimants, Ruyter Bay Land Partners, LLC ("RBLP"), Ruyter Bay Land Investors, LLC ("RBLI"), Mikael Van Loon, Stephen Stranahan, Charles Salisbury, Grant Hathaway, and Frank Murray for an award of attorneys fees and costs.

The Plaintiffs sued the Defendants for payment of various fees and foreclosure of liens on properties owned by the Defendants and Nature Conservancy, Inc. Defendants filed a counterclaim requesting a declaratory judgment that no fees were owed on the properties, and alleging intentional harm to property. This Court granted summary judgment in favor of the Defendants on all claims asserted by the Plaintiffs. The Court also granted the Defendants partial summary judgment on their counterclaim for declaratory judgment.

The Plaintiffs moved to have the Court reconsider its summary judgment. That motion was denied. The Defendant's now seek $57,875.00 in attorneys' fees and costs.

Title 5, section 541 of the Virgin Islands Code provides:

*Malpere v. Ruyter Bay Land Partners, LLC et. al*
Civil No. 2003-132
Order
Page 3

    Costs which may be allowed in a civil action include:

        (1) Fees of officers, witnesses, and jurors;
        (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
        (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
        (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
        (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
        (6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a) (1986).  The statute further provides: "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id*. at (b).

    To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation.  *Lempert v. Singer,* 1993 WL 661181, No. 1990-CV-200 at *2 (D.V.I., December 30, 1993; *see also Morcher v. Nash*, 32 F. Supp.2d 239, 241 (D.V.I. 1998).  Reasonable attorneys' fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 561 (1986); *see also Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.,* 995 F.2d 414, 420 (3d Cir. 1993) (noting that reasonable attorneys' fees may

*Malpere v. Ruyter Bay Land Partners, LLC et. al*
Civil No. 2003-132
Order
Page 4

include charges for measures necessary to enforce district court judgments as well as other charges "reasonably expended" to advance the litigation).

Applying the standard outlined above, the Court finds that most of the $57,875.00 in attorneys' fees claimed by the Defendants was reasonably expended. However, the Court also finds that several items were not reasonable.

For instance, the Defendants request reimbursement for conferences between their own attorneys. Such expenses are duplicative, and not to be included in assessments of reasonable fees. *See Morcher*, 32 F. Supp. 2d 239, 241-42 (D.V.I. 1998) ("Multiple lawyer conferences, not involving opposing counsel... involve duplicative work.")

The Defendants also request reimbursement for basic secretarial tasks like filing case documents and sending faxes. However, "[g]eneral photocopy, facsimile, and telephone charges are not compensable under section 541." *Id*. at 243. The Defendants' request for reimbursement for such tasks is unreasonable.

The Defendants' request for reimbursement for general itemizations similarly is problematic. These itemizations have several different types of legal work grouped together. Such entries "are so vague as to prevent meaningful judicial review." *Morcher*, 32 F. Supp. 2d at 242-243. Moreover, "these undifferentiated entries hinder the Court in determining whether

*Malpere v. Ruyter Bay Land Partners, LLC et. al*
Civil No. 2003-132
Order
Page 5

the time spent on each of the listed activities was reasonable[.]" *Id*. at 243.  Those entries are unreasonable.

Finally, the Defendants request reimbursement for time anticipated to defend this fee petition.  However, attorney's fees are awarded on the basis of time *spent* on the case, not that which is anticipated and may not be realized.

In sum, the Court finds that $6,450 of the fees requested is unreasonable and must be deducted from the Defendants' requested reimbursement.  Accordingly, it is hereby

**ORDERED** that the Plaintiffs shall reimburse the Defendants for attorneys fees and costs in the amount of $51,425.

Copies to: Judge G.W. Barnard
          J. Daryl Dodson, Esq.
          Steven Malpere
          David Staples
          Marja Staples
          Carol C. Jackson
          Claudette Donovan
          Lydia Trotman
          Olga Schneider
          Renée André

**Dated: October 9, 2007**

s_____
     **Curtis V. Gómez**
      **Chief Judge**